UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HUBERT MIRANDA,

                  Plaintiff,                            05-cv-0062
                                                            (SJF)(LB)
-against-

                                                             **OPINION & ORDER**

JETRO CASH & CARRY ENT., INC. and
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION LOCAL 1814,

                  Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

      *Pro se* plaintiff Hubert Miranda ("Plaintiff" or "Miranda") commenced this action on January 6, 2005 against defendants Jetro Cash & Carry Ent., Inc. ("Jetro") and International Longshoremen's Association Local 1814 ("Local 1814"), alleging that he was subjected to discrimination on account of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). On March 9, 2005, this Court granted Jetro's motion to dismiss all claims arising out of discrete incidents alleged to have taken place prior to December 20, 2003 as time-barred. (Mar. 9, 2005 Order). Local 1814 now moves this Court to dismiss it from the action on the ground that Plaintiff failed to obtain a right to sue letter as against it from the Equal Employment Opportunity Commission ("EEOC"). For the reasons set forth below, Local 1814's motion to dismiss is granted.

II.     Plaintiff's Pleadings

      A *pro se* plaintiff's submissions are held "to less stringent standards than formal

1

pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

III. Analysis

    A. Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003) (internal citation omitted). To this end, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

    B. Application

A Title VII plaintiff, prior to filing suit in the District Court, must first obtain a 'right to

2

sue' letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). While failure to comply with this procedure is not a jurisdictional bar, Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000), it is nonetheless a requirement "with which defendants are entitled to insist that plaintiffs comply." Id. According to Local 1814, since Plaintiff's October 18, 2004 EEOC complaint asserts claims against Jetro only, the December 28, 2004 right to sue letter, on which the instant action is predicated, only authorizes Plaintiff to file suit against Jetro. Local 1814 is correct.

Notwithstanding Plaintiff's failure to obtain a right to sue letter specifically authorizing suit against Local 1814, Plaintiff will be allowed to proceed against Local 1814 if he satisfies the 'identity of interest' test established by the Second Circuit. Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999) (explaining the 'identity of interest' test and granting a union's motion to dismiss because the EEOC complaint asserted claims against the employer only). Under this analysis, the Court must consider:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. (quoting Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991)). In order to succeed on a motion to dismiss, a defendant need not prevail on all of these four prongs. Vital, 168 F.3d at 620, n. 3.

As applied to the facts of the instant case, it is clear that Plaintiff's claims against Local

1814 must be dismissed. Most significantly, the interests of the named party, Jetro, and Local 1814 are not "so similar" such that it would be "unnecessary to include [Local 1814] in the EEOC proceedings." Vital, 168 F.3d at 619. Furthermore, Plaintiff has not alleged and there is no indication that Local 1814 has represented to Plaintiff that his relationship with Local 1814 was to be through Jetro. For these reasons, and because Plaintiff knew or, through reasonable effort could have known of Local 1814's role when he filed the EEOC complaint, Plaintiff's failure to obtain a right to sue letter as against Local 1814 merits its dismissal from this action.

IV. Conclusion

For the reasons set forth above, Local 1814's motion to dismiss it from the action is granted.

IT IS SO ORDERED.

/s/
/Sandra J. Feuerstein
United States District Judge

Dated: October 12, 2005
Central Islip, New York

To:

Hubert Miranda
165 Ashford Street
Apt. #A-1
Brooklyn, NY 11207

Jennifer A. Klear
Drinker Biddle & Reath LLP
140 Broadway
39th floor
New York, NY 10005

Anthony Thomas Scotto
Law Offices of Anthony Thomas Scotto
585 Stewart Avenue
Suite 306
Garden City, NY 11530